IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 FEB 13 PM 3:37

U.S.
N.D.

ENTERED

FEB 13 2001

| | | |
|---|---|---|
| ANTOINETTE HARMON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| J.C. BRADFORD & CO., L.L.C., et al., | ) | 01-C-0227-S |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON MOTION TO REMAND**

Before this putative class action was removed to this Court from the Circuit Court of Jefferson County, Alabama, Plaintiffs properly amended their original complaint to delete the counts (Count 4 in its entirety and portions of Count Five) which sought recovery on NASDAQ market purchases of Marketing Services Group, Inc. ("MSGI") stock. The deleted allegations contained the only "covered securities" which would have provided federal removal jurisdiction under 15 U.S.C. § 78bb(f). Thus, when this case was removed, there was no basis for federal question jurisdiction. Indubitably, there is no basis for diversity jurisdiction.

Defendants argue that because Plaintiffs did not seek or receive prior state court approval, they were impotent to amend their original complaint.

9

I

In opposing Plaintiffs' motion to remand the case to state court, Defendants do not cite or rely on the Alabama Amendment Rule, 15(a), which unambiguously provides that a party may amend a pleading without leave of court at any time more than forty-two (42) days before the first setting of the case for trial. This case was initially filed in state court on January 8, 2001, and no responsive pleadings had been filed at the time of removal. Clearly then, under Rule 15(a) of both the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure, Plaintiffs were entitled to amend their complaint without leave of court.

II

Because the Amended Complaint does not include a claim asserted in the original complaint, Defendants argue that the Amended Complaint is a nullity. They say that because this is a putative class action, under Rule 23(e) Plaintiffs are powerless to delete a class claim without court approval.[1]

The short answer to Defendants' argument is that removability is "to be determined according to Plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537(1939); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). When this case was removed, the Amended Complaint had not

---

[1] Rule 23(e) of the Alabama Rules of Civil Procedure, like its federal counterpart, provides that "[a] class action shall not be dismissed or compromised without approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

2

been held by the state court to be in any way defective. In that posture, this Court must accord a presumption of validity to the Amended Complaint.

III

Defendants' argument on the applicability of Rule 23(e) must separately be rejected for the basic reason that <u>when this case was removed, it was not a class action</u>! The plain words of Rule 23(c)(1) are controlling: "As soon as practicable after commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The rule itself thus distinguishes between <u>a class action</u> and <u>an action brought as a class action</u>. The United States Supreme Court, in construing the identical federal rule, has not been silent on the issue:

> We note that Rule 23(e) prescribes certain responsibilities of a district court in **a case brought as a class action**: once a class is certified, **a class action** may not be "dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

*Deposit Guaranty Nat. Bank v. Roper,* 445 U.S. 326 n.5 (1980) (emphasis supplied).

To be sure, it is one of the primary aims and goals of Plaintiffs that this case, which they brought as a class action, will one day (hopefully sooner rather than later) be transformed into a class action. But that day has not come.[2] As Rule 23 and *Deposit*

---

[2] And unless these Defendants' position on class action maintainability is fundamentally different from that of the usual defendants in a case brought as a class action, that day will never come.

3

*Guaranty* teach, only a judicial certification can give birth to a class action. Before certification, an action brought as a class action is only putative, embryonic at best. More often than not, these embryos are aborted; they never achieve their goals of becoming class actions. Linda S. Mullenix, *Abandoning The Federal Class Action Ship: Is There Smoother Sailing For Class Actions In Gulf Waters*, 74 Tul. L. Rev. 1709 (June 2000).

The putative class could not possibly be prejudiced by the omission of the federal claim from the Amended Complaint, for the omitted claim is asserted on behalf of the putative class in pending litigation in this court, of which this judge takes judicial notice. *See Whitman, et al. v. J.C. Bradford & Co., et al.,* CV-01-B-0193-S (N.D. Ala.).

The court is aware that notwithstanding *Deposit Guaranty*, the Seventh and Eighth Circuits have assumed the applicability of Rule 23(e) to cases brought as class actions. *See Baker v. America's Mortg. Servicing, Inc.,* 58 F.3d 321, 324-25 (7th Cir. 1995)(plaintiff voluntarily dismissed a defendant after removal of a putative class action from state to federal court); *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 950-51 (8th Cir. 1999)(plaintiffs filed a notice of voluntary dismissal and a motion for dismissal without prejudice after the magistrate judge had recommended summary judgment against them). The leading treatises are in accord with these circuits. *See, e.g.,* 7B Federal Practice and Procedure § 1977 (1986 and 2000 Supp.); 8 Moore's Federal Practice 41.32[1] (3d ed. 1999); 2 Newberg on Class Actions §§ 11.65 and 11.67 ( 3d ed. 1992). One case in our circuit agreed with the Seventh and Eighth on the issue, but the panel opinion was

subsequently withdrawn and the issue remains unresolved in our circuit. *McArthur v. Southern Airways, Inc.*, 556 F.2d 298, 302 (5th Cir. 1977), *withdrawn*, 569 F.2d 276 (5th Cir. 1978); *Rice v. Ford Motor Co.*, 88 F.3d 914, 920 n.8 (11th Cir. 1996). The Alabama Supreme Court has apparently never addressed the issue.

This judge is unpersuaded by the Seventh and Eighth Circuits and the cited treatises. Instead, this judge is persuaded by the reasoning of the Second and Fourth Circuits:

> ...Rule 23(e) does not apply to any action simply because it was begun as a class action. By its explicit language, Rule 23(e) is confined in operation to the settlement and dismissal of a "class action." This is the view expressed in the exhaustive Note on *Developments Class Actions* in 89 Harv.L.Rev. 1318 at 1542, n. 32 (1976). [sic] There, the editors put it that "Rule 23(3) is applicable only upon dismissal of a 'class action'***." This tracks the earlier language of Judge Friendly in *Weight Watchers of Phil. v. Weight Watchers Int.* (2d Cir. 1972), 455 F.2d 770, 773, to the effect that, "it is only the settlement of the class action itself without court approval that F.R.Civ.P. 23(e) prohibits." This construction of 23(e) is also implicit in Professor Moore's conclusion that "(c)ourt approval of dismissal (under 23(e)) will normally not be obtainable prior to the 23(c)(1) determination since the members of the class to whom notice must be sent will not yet have been determined,"....It is a construction, too, which follows inescapably from the language of the Supreme court in *Sosna v. Iowa* (1975) 419 U.S. 393, 399, n.8, 95 S.Ct 553, 557, 42 L.Ed.2d 532:
>
> "***Once the suit is certified as a class action, it may not be settled or dismissed without the approval of the court."

*Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1303 (4th Cir. 1978).

Because this case has not been certified as a class action, Plaintiffs were

5

certainly not required to obtain leave of court before omitting the MGSI claim from their Amended Complaint; even if it had been certified, it is doubtful that such leave would have been required.

## Conclusion

By separate order, Plaintiffs' Motion to Remand will be granted.

DONE this 13th day of February, 2001.

_____
Chief United States District Judge
U. W. Clemon